J-S13028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIEN BARBER | : | |
| | : | |
| Appellant | : | No. 2074 EDA 2022 |

Appeal from the PCRA Order Entered July 15, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0901961-2005

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 17, 2023**

Darien Barber (Appellant) appeals *pro se* from the dismissal of his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On September 27, 2006, a jury convicted Appellant of second degree murder, robbery, burglary, and criminal conspiracy.[1]  On November 21, 2006, the trial court sentenced Appellant to life in prison.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  **Commonwealth v. Barber**, 954 A.2d 31 (Pa. Super. 2008) (unpublished memorandum), **appeal denied**, 963 A.2d 466 (Pa. 2009).

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1), 3502(a), and 903.

Appellant previously filed two PCRA petitions without success. *See Commonwealth v. Barber*, 55 A.3d 129 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 72 A.3d 599 (Pa. 2013); *Commonwealth v. Barber*, 224 A.3d 795 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 235 A.3d 275 (Pa. 2020). Appellant *pro se* filed the instant petition, his third, on August 12, 2020. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition because it was "untimely filed and [did] not invoke an exception to the timeliness provision of the Post Conviction Relief Act, 42 Pa. Cons. Stat. §9545(b)(1)(i)-(iii)." Notice Pursuant to Criminal Rule of Procedure 907, 5/20/22, at 1. The PCRA court entered an order and opinion dismissing the petition on July 15, 2022. Appellant *pro se* filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement; the PCRA court has submitted its July 15, 2022 opinion in support of affirmance.

Appellant presents two issues:

[1.] WHETHER THE PCRA COURT COMMITTED AN ERROR OF LAW IN FAILING TO PROPERLY APPLY THE STANDARD FOR [THE] DETERMINATION OF EXCEPTIONS AS SET FORTH BY *Commonwealth v. Cox*, 146 A.3D 221, 227 (Pa. 2016), AND *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007)?

[2.] WHETHER [THE] PCRA COURT COMMITTED AN ERROR OF LAW IN ITS DETERMINATION THAT NO GOVERNMENTAL INTERFERENCE OCCURED BY THE PROSECUTOR'S SUPPRESSION OF EVIDENCE IN VIOLATION [OF] *Brady v. Maryland*, 373 U.S. 83 (1963) WHERE THE PROSECUTOR[] EXAMINING ITS WITNESS AS TO [APPELLANT'S] CONVICTION IN THE ABSENCE OF DISCLOSING MATERIAL EVIDENCE PERTINENT TO THE

CONVICTION CLEARLY SHOWS THE POSSIBILITY OF APPELLANT'S CLAIM BEING VALID?

Appellant's Brief at i.

Our review of the PCRA court's dismissal of Appellant's petition is limited to "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

Instantly, we must determine whether Appellant's PCRA petition is timely.[2] "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). "The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues

---

[2] Like the PCRA court, the Commonwealth contends Appellant's PCRA petition is untimely. *See* Commonwealth Brief at 5 (stating Appellant "did not meet his burden to establish the government interference exception because he cannot prove that the government kept him from raising this claim for 11 years when the information was available to him during trial."); *id.* (stating "information [Appellant] found in the notes of testimony does not constitute a 'new fact' for purposes of the new fact exception to the timeliness requirements of the PCRA.").

raised if the petition was not timely filed." ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012).

"A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A petitioner must file a PCRA petition within one year of the judgment becoming final unless a statutory exception applies. 42 Pa.C.S.A. § 9545(b)(1). The exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petitioner invoking an exception must do so within a year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Appellant concedes his PCRA petition is untimely. However, he claims that, after reviewing the sentencing transcript of a Commonwealth witness, Tory Patterson, he learned that Mr. Patterson had a prosecutorial agreement with the Commonwealth in return for his testimony against Appellant.

Appellant's Brief at 4-10. Appellant claims the Commonwealth's failure to disclose the agreement with Mr. Patterson constitutes the governmental interference and newly discovered facts exceptions to the PCRA time bar. **See id.** Appellant's claim is baseless.[3]

The PCRA court explained:

Appellant attempted to satisfy the previously-unknown fact exception, §9545(b)(1)(ii), as well as the governmental interference exception, § 9545(b)(1)(i), by claiming that he recently discovered that one of the prosecution's witnesses may have been offered a more lenient sentence in 2005, that the prosecution failed to inform [Appellant] of this situation, and [he] did not learn this information until his mother ordered a transcript of [Patterson's] sentencing hearing, which [Appellant] received in 2018.

\*\*\*

[Appellant's] allegation is belied by the record, and by [Appellant's] own admission. Patterson's sentencing took place on February 10, 2005, prior to [Appellant's] trial, and therefore, this information existed, and has been available, since that time. More importantly, [Appellant] acknowledges, and the record reflects, that Patterson was in fact questioned about his sentencing by the prosecutor at [Appellant's] trial. Therefore, [Appellant's] acquisition of the sentencing transcript [from] Patterson's sentencing was not the discovery of an unknown fact.

[Appellant] failed to explain what triggered his mother to request the transcript in 2018. However, any such explanation would not demonstrate [Appellant's] due diligence, since the transcript was in existence … and, as noted, was raised in the prosecution's questioning of Patterson during his testimony at [Appellant's]

_____

[3] Appellant's *pro se* status "does not entitle him to any advantage." **See, e.g., Commonwealth v. Ray**, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (citations omitted).

trial. … [T]he information reflected in the record would not support [Appellant's] claim that Patterson's lenient sentence was based on his cooperating testimony in [Appellant's] trial. To the contrary, the sentencing transcript specifically reflects that Patterson's lenient sentence was based upon his plea of guilty, and not any promise of leniency for his testimony in [Appellant's] trial, which took place after [Patterson's] sentencing hearing. [Appellant's] claims therefore do not establish a previously unknown fact which could not have been ascertained by the exercise of due diligence.

Similarly, [Appellant's] attempt to invoke the governmental interference exception, by claiming that the prosecution neglected to disclose this alleged promise of leniency to Patterson, must also fail. … [T]he record of his trial testimony reflects that it was the prosecution who actually questioned Patterson about whether he attempted to obtain "help" in his own case in exchange for favorable testimony at [Appellant's] trial. Rather than interfering with [Appellant] obtaining this information, the issue was raised and initiated by the prosecutor. The fact that Patterson denied this allegation is of no consequence. The issue was raised at [Appellant's] trial by the prosecution, which is sufficient to demonstrate that there was no governmental interference prohibiting [Appellant] from obtaining this information. To the contrary, this establishes that the information was brought out by the prosecution itself. Therefore, [Appellant's] claim of governmental interference cannot be maintained.

PCRA Court Opinion, 7/15/22, at 1-3.

Upon review, we agree with the PCRA court's analysis. Appellant's PCRA petition is untimely and he has not satisfied an exception to the PCRA's time bar. We thus affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2023